Jack HERMAN, Plaintiff–Appellant,

v.

WILLIAM BROOKS SHOE COMPANY, Gates–Mills, Inc., Norm Thompson Outfitters, Inc., and Red Wing Shoe Company, Inc., Defendants,

and

Cabela's, Inc., L.L. Bean, Inc., Raven Industries, Inc., Recreational Equipment, Inc., Rocky Shoes and Boots, Inc., U.S. Cavalry, Inc., and W.L. Gore & Associates, Inc., Defendants–Appellees

No. 00–1228.

United States Court of Appeals, Federal Circuit.

March 12, 2001.

Rehearing Denied April 16, 2001.

Before SCHALL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and GAJARSA, Circuit Judge.

## DECISION

GAJARSA, Circuit Judge.

The appellant, Jack Herman ("Herman") appeals the January 24, 2000 judgment of the United States District Court for the Southern District of New York, No. 95–CV–1324 (S.D.N.Y.2000), granting the motion of appellees Cabela's, Inc., L.L. Bean, Inc., Raven Industries, Inc., Recreational Equipment, Inc., Rocky Shoes and Boots, Inc., U.S. Cavalry, Inc., and W.L. Gore & Associates, Inc. (collectively "L.L. Bean") for summary judgment. The district court held that claim 1 of U.S. Patent No. 4,550,446 ("the '446 patent") was invalid based on 35 U.S.C. § 102(b) as anticipated by a patent issued to Virginia Bradley—U.S. Patent No. 4,204,345 ("the '345 patent"). We *affirm.*

## BACKGROUND

Herman is the owner of the '446 patent which describes "insert type" footwear that keeps users' feet dry from the outside while allowing for the evaporation of moisture from the foot through the insert material. Claim 1 of the '446 patent provides:

(1) A sock-type article

(2) adapted to be worn on the foot and

(3) having sole and heel regions adjacent to the sole and heel regions of a foot when worn,

(4) said sock-type article being substantially entirely formed of a lightweigh, flexible material

(5) defining an interior space receivable of a foot,

(6) said material being substantially waterproof to prevent passage of water into said interior of the sock-type article through said material and

(7) at the same time *moisture vapor permeable* to allow passage of evaporated perspiration which may be formed on the foot from said interior of the sock-type article though said material,

(8) whereby the foot will be maintained as dry as possible when the sock-type article is worn thereon.

(emphasis, paragraphing, and reference numbers added.)

On February 24, 1995, Herman filed suit against L.L. Bean in the United States District Court for the Southern District of New York alleging infringement of the '446 patent.

On October 20, 1995, L.L. Bean moved for summary judgment based on, *inter alia,* invalidity of claim 1 of the '446 patent in light of the '345 patent. The '345 patent claims a "liquid impermeable sock member," '345 pat, col. 2, I. 52, and describes the material used in the construction of the sock as "made from a suitable plastic that is lightweight, flexible and preferably air permeable, i.e. polyethylene, polypropylene, urethane film, etc." *Id.* at col. 1, II. 53–56.

After this court reversed an unrelated appeal, *see, Herman v. William Brooks Shoe Co.,* 111 F.3d 142, 1997 WL 130313 (Fed.Cir.1997) (Unpublished disposition), the district court conducted a Markman hearing. Because Herman conceded that elements (1) through (6) and (8) of claim 1 are disclosed by the '345 patent, the district court construed element (7) of claim 1 of the '446 patent, which was the remaining element in question. Therefore, the only issue before the district court was whether the limitation of a "moisture vapor permeable [material]" is disclosed in the '345 patent. The district court construed "moisture vapor permeable" to mean "permits air, including moisture vapor, to pass through."

At the Markman hearing, the district court reviewed the '345 patent. The district court determined that the written description of the '345 patent described a material that was "air permeable i.e., polyethylene, polypropylene, polyurethane

film, etc." It reasoned that an air permeable material allows the transmission of both air and water vapor. Therefore, the district court concluded that element (7) of the claim was disclosed by the '345 patent. Consequently, the district court held that because all the elements of claim 1 of the '446 patent were disclosed in the '345 patent, the claim was anticipated and therefore invalid.

This appeal followed.

## STANDARD OF REVIEW

Claim construction is a question of law that this court reviews *de novo*. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979, 34 USPQ2d 1321, 1329 (Fed. Cir.1995) (en banc), *aff'd* 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). When reviewing claim construction, this court gives no deference to the trial court. *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1248, 48 USPQ2d 1117, 1120 (Fed.Cir.1998). Anticipation is a question of fact. *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 66 F.3d 299, 302, 36 USPQ2d 1101, 1103 (Fed.Cir.1995).

The grant of summary judgment is also reviewed *de novo* by this court. Summary judgment is appropriate when there are no genuine questions of material fact. *Johns Hopkins Univ. v. Cellpro, Inc.*, 152 F.3d 1342, 1353, 47 USPQ2d 1705, 1713 (Fed. Cir.1998). In a summary judgment motion, the moving party bears the burden of showing that there are no material facts in dispute, and all reasonable inferences must be resolved in the nonmovant's favor. *Rockwell Int'l Corp. v. United States*, 147 F.3d 1358, 1361-62, 47 USPQ2d 1027, 1029 (Fed.Cir.1998).

## ANALYSIS

L.L. Bean asserts that claim 1 of the '446 patent is invalid under 35 U.S.C. § 102(b) in light of the '345 patent. A patent will be invalid if the claimed "invention was patented ... in this ... country" prior to the date of application. 35 U.S.C. § 102(b). *See Electro Med. Sys. SA. v. Cooper Life Sciences*, 34 F.3d 1048, 1052, 32 USPQ2d 1017, 1019 (Fed.Cir.1994).

■ Anticipation is a two step analysis. The first step involves construction of the claims of the patent at issue. In the second step, the claims are compared to the prior art. *Helifix Ltd. v. Blok–Lok, Ltd.*, 208 F.3d 1339, 1346, 54 USPQ2d 1299, 1303 (Fed.Cir.2000). A claim will be anticipated, and therefore invalid, if every limitation is described in one prior art reference and the prior art is enabled such that one of ordinary skill in the art could practice the invention. *Id.* (citing *In re Paulsen*, 30 F.3d 1475, 1478–79, 31 USPQ2d 1671, 1673 (Fed.Cir.1994)).

### A. Claim Construction

When construing a claim, we first look to the intrinsic evidence of the patent, including the claims and the written description, and if available, the prosecution history. *Vitronics Corp., v. Conceptronic, Inc.*, 90 F.3d 1576, 1582, 39 USPQ2d 1573, 1576 (Fed.Cir.1996). The claims define the scope of the invention and the written description indicates whether the inventor has used any terms "inconsistent[ly] with their ordinary meaning." *Id.,* 90 F.3d 1576, 39 USPQ2d at 1577.

■ In claim 1 of the '446 patent, Herman uses the term "moisture vapor permeable" to describe the material used for the insert. Looking to the written description of the '446 patent, the insert material is described as "breathable" and as "allow[ing] passage of water vapor therethrough." Additionally, the insert material is structurally described as having pores "700 times larger than a molecule of water vapor thereby allowing water vapor which evaporates from the body to pass through the fabric ...." '446 pat., col. 2, II. 58–61.

From this intrinsic evidence of the '446 patent it is clear that "moisture vapor permeable" describes an insert material through which moisture vapor can pass.

### B. *Comparison of Claim 1 to the Prior Art*

During the Markman hearing, Herman conceded that every element of the '446 patent, except for the moisture vapor permeable material limitation, is disclosed in the '345 patent. Therefore, we need only determine whether a material that allows for the transmission of water vapor is disclosed in the '345 patent.

The '345 patent discloses a material to be used in the construction of a sock that is "lightweight, flexible and preferably air permeable, i.e. [constructed of] polyethylene, polypropylene, urethane film, etc." '345 pat., col. 1, II. 54–56. In a declaration to the district court, Herman's own expert conceded that the materials listed in the '345 patent would allow water vapor to pass through. In his declaration, Herman's expert indicated that urethane film has a water transmission rate of up to 135 grams per day per square meter of material. Therefore, we conclude that one of ordinary skill in the art would know from reading the '345 patent that it was possible to construct a sock that would prevent the penetration of water from the outside and at the same time allow moisture vapor to escape.

Herman argues that according to its expert, "air permeable" and "moisture vapor permeable" are not identical. This argument is not persuasive. As Herman's own expert admits, the transmission of water vapor occurs with the materials listed in the '345 patent. The transmissibility of water vapor is a key element of the '446 patent. If the transmission of water vapor is disclosed in the prior art, then the prior art cannot be avoided by merely stating

that the words used in the '345 patent and the '446 patent have different meanings.

Finally, Herman argues that the materials listed in the '345 patent have a very low transmission rate while Gore–Tex, disclosed in the written description of the '446 patent, has a higher moisture transmission rate. This argument is unpersuasive. This statement in the written description concerning the vapor transmission rate cannot be implied to the claims at a later time so the patent holder can avoid anticipation. *Paulsen,* 30 F.3d at 1480, 31 USPQ2d at 1674. The water vapor transmission rate is not a limitation of claim 1 of the '446 patent. Therefore, Herman cannot now rely on the water vapor transmission rate now to impart a limitation to the '446 patent to distinguish it from the '345 patent.

No reasonable juror could find that the limitations of the '446 patent are not disclosed by the '345 patent. As a matter of law, therefore, claim 1 of the '446 patent is anticipated by the '345 patent.

### CONCLUSION

The district court's grant of L.L. Bean's motion for summary judgment is therefore affirmed.

### COSTS

Each side bears its own costs.